MICHIGAN STATE EMPLOYEES ASSOCIATION v ATTORNEY
GENERAL

Docket No. 135578. Submitted June 3, 1992, at Lansing. Decided
December 21, 1992, at 9:40 A.M.

The Michigan State Employees Association and several of its
members who are motor carrier enforcement officers of the
Michigan State Police brought an action in the Ingham Circuit
Court against the Attorney General, the Director of the State
Police, and others, seeking in part a declaration that motor
carrier enforcement officers are peace officers subject to the
certification requirements of the Michigan Law Enforcement
Officers Training Council Act, MCL 28.609(2); MSA 4.450(9)(2).
The court, Peter D. Houk, J., granted summary disposition for
the defendants. The plaintiffs appealed.

The Court of Appeals *held:*

1. Peace officers are civil officers whose duty is to preserve
the peace or tranquility of the community in general. Motor
carrier enforcement officers are not peace officers. Their author-
ity is limited to enforcing laws that pertain to commercial
vehicles. MCL 28.6d(1); MSA 4.436(4).

2. The certification requirements of the Michigan Law En-
forcement Officers Training Council Act do not apply to motor
carrier enforcement officers; rather, they apply only to those
who are empowered to exercise all the authority of a peace
officer.

Affirmed.

Civil Service — State Police — Motor Carrier Enforcement
Officers.

Motor carrier enforcement officers of the Michigan State Police
are not peace officers; their duty is not to preserve the peace or
tranquility of the community in general, but to enforce laws
that govern commercial vehicles; they are not subject to the
certification requirements of the Michigan Law Enforcement

REFERENCES
Am Jur 2d, Automobiles and Highway Traffic §§ 202-203; Sheriffs,
Police and Constables §§ 1-8, 46 *et seq.,* 277.
See the ALR Index under Police and Law Enforcement Officers.

Officers Training Council Act (MCL 28.6d[1], 28.432a[a], 28.609[2]; MSA 4.436[4][1], 28.98[1][a], 4.450[9][2]).

*Fraser Trebilcock Davis & Foster, P.C.* (by *Brandon W. Zuk*), for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Gary P. Gordon* and *Thomas Quasarano,* Assistant Attorneys General, for the defendants.

Before: WEAVER, P.J., and WAHLS and FITZGERALD, JJ.

PER CURIAM. Plaintiffs, Michigan State Employees Association and several Michigan State Police motor carrier officers (MCOs), brought suit against the Attorney General, the Director of the Michigan Sate Police, and others, requesting injunctive relief and a declaratory judgment that MCOs are police officers or law enforcement officers under the Michigan Law Enforcement Officers Training Council (MLEOTC) Act, MCL 28.601 *et seq.*; MSA 4.450(1) *et seq.*, and peace officers under the Michigan State Police Act, MCL 28.1 *et seq.*; MSA 4.431 *et seq.*

Plaintiffs and defendants filed motions for summary disposition. The court granted summary disposition in favor of defendants, finding that "the Legislature did not intend Motor Carrier officers to be defined as peace officers and to have the full panoply of powers that are given to peace officers." Plaintiffs now appeal as of right. We affirm.

I

Plaintiffs argue that they are exempt from the licensing requirements for concealed weapons because they are peace officers. MCL 750.231; MSA 28.428 provides in part:

Sections 224, 227, 227c, and 227d do not apply to any peace officer of a duly authorized police agency of the United States, of this state, or of any political subdivision of this state, who is regularly employed and paid by the United States, this state, or a political subdivision of this state.

Similarly, MCL 28.432a(a); MSA 28.98(1)(a) specifies that a concealed weapon license is not required of

[a] peace officer of a duly authorized police agency of the United States or of this state or a political subdivision of this state, who is regularly employed and paid by the United States or this state or a subdivision of this state, except that section 6 does apply to a township constable.

Thus, the essential question is whether plaintiffs are peace officers within the meaning of the statutes.

Mcos have limited authority circumscribed by statutory provisions[1] that define their duties. They are granted "all powers conferred upon peace officers" only for enforcing those laws pertaining to commercial vehicles.

Peace officers have general authority to operate in a broader field. *People v Bissonette,* 327 Mich 349; 42 NW2d 113 (1950). Though their powers have not been specifically defined by statute, our Supreme Court has recognized the following definitions:

[1] Mcos possess only limited, focused, and specified authority. MCL 28.6d(1); MSA 4.436(4)(1) provides:

The director may appoint officers with limited arrest powers for motor carrier enforcement. Such officers shall be officers of the department and shall have all powers conferred upon peace officers for the purpose of enforcing the general laws of this state as they pertain to commercial vehicles. The director may authorize officers of the motor carrier enforcement division to carry a firearm.

"*Peace Officers.* This term is variously defined by statute in the different States; but generally it includes sheriffs and their deputies, constables, marshals, members of the police force of cities, and other officers whose duty is to enforce and preserve the public peace.

"*Public Peace.* The peace or tranquillity of the community in general; the good order and repose of the people composing a State or municipality." *Black's Law Dictionary (3d ed),* p 1341.

"*Peace Officer. Law.* A civil officer whose duty it is to preserve the public peace, as a sheriff or constable." *Webster's New International Dictionary (2d ed),* p 1798. [*Bissonette, supra* at 356-357. Emphasis in original.]

We conclude that mcos are not peace officers.

## II

Plaintiffs contend MCL 28.609(2); MSA 4.450(9)(2) requires the mleotc to certify mcos. Plaintiffs argue that the statute requires certification by the mleotc because MCL 28.6d; MSA 4.436(4) grants to mcos all or at least some of the authority of a peace officer. We disagree.

MCL 28.609(2); MSA 4.450(9)(2) provides in pertinent part:

Notwithstanding any other provision of this statute, a regularly employed person employed on or after January 1, 1977, as a member of a police force having a full-time officer shall not be empowered to exercise all the authority of a peace officer in this state, nor employed in a position which is granted the authority of a peace officer by statute, unless the person has complied with the minimum employment standards prepared and published by the council pursuant to this section.

Plaintiffs interpret the statute to mean that

MCOS are subject to MLEOTC regulations as a matter of law, because they are employed in positions that are granted at least some of the authority of a peace officer and because they are empowered to exercise all the authority of a peace officer.

We disagree with plaintiffs' theory that the statute is satisfied if the officers are granted *some* of the authority of a peace officer. We have already seen that MCOS do not exercise all the authority of a peace officer, nor is the authority of a peace officer granted to MCOS by statute. Thus, certification is not required.

Finding no merit in either of plaintiffs' arguments, we affirm.