# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOSHUA PAUL SALO,

        Defendant-Appellant.

UNPUBLISHED
July 19, 2016

No. 325230
Oakland Circuit Court
LC No. 2014-251167-FH

Before: RONAYNE KRAUSE, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right his conviction following a jury trial for first-degree home invasion, MCL 750.110a(2). He was sentenced to 84 to 280 months' imprisonment. We affirm.

Defendant's conviction arose out of accusations that he entered the home of his grandmother, Donnis Morris, without permission. According to defendant's uncle, Brian Morris, who lived in the home, he heard a loud noise come from his mother's bedroom and shortly thereafter encountered defendant in the home. After defendant stated that he was there to see his grandmother, Brian Morris told him he was not allowed to be in the house. Defendant left and Brian called the police. When Donnis Morris returned home from work, she noticed that a shoebox full of rolled coins, which she kept under her bed, was out of place in the hallway.

At trial, plaintiff offered evidence that defendant was previously removed from the home by the police after stealing from his grandmother. Plaintiff informed the court and defendant orally of its intent to introduce this evidence on the day of trial, before jury selection. Defendant objected to the evidence. Similar testimony was elicited at the preliminary examination. After an off the record bench conference with counsel, the trial court ruled the evidence was admissible. The court did not indicate on what basis the evidence was admitted. However, the record does contain colloquy regarding the need for the plaintiff to meet with witnesses to discuss their proposed testimony prior to taking the witness stand.

Defendant's argument on appeal is that the trial court erred in admitting the other acts evidence. We agree. "A trial court's admission of other-acts evidence is reviewed for an abuse of discretion." *People v McGhee*, 268 Mich App 600, 609; 709 NW2d 595 (2005). An abuse of discretion occurs when a "decision falls outside the range of reasonable and principled outcomes." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013). "A preserved

-1-

error in the admission of evidence does not warrant reversal unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013).

Other acts evidence is admissible if

the evidence is (1) offered for a proper purpose and not to prove the defendant's character or propensity to commit the crime, (2) relevant to an issue or fact of consequence at trial, and (3) sufficiently probative to outweigh the danger of unfair prejudice, MRE 403. [*People v Williams*, 240 Mich App 316, 322-23; 614 NW2d 647 (2000) (citations omitted).]

MRE 404(b) provides:

(1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

(2) The prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial and the rationale, whether or not mentioned in subparagraph (b)(1), for admitting the evidence. . . .

The list of "proper purposes" in the rule is not exclusive. *People v Mardin*, 487 Mich 609, 616; 790 NW2d 607 (2010). "A proper purpose for admission is one that seeks to accomplish something other than the establishment of a defendant's character and his propensity to commit the offense." *People v Johnigan*, 265 Mich App 463, 465; 696 NW2d 724 (2005). "When relevance to an issue other than mere propensity is found, Rule 404(b) is not violated." *People v VanderVliet*, 444 Mich 52, 85; 508 NW2d 114 (1993) (internal quotation marks and citation omitted).

Evidence is relevant if it has the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. However, otherwise admissible evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." MRE 403.

Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury. In the context of prior bad acts, that danger is prevalent. When a juror learns that a defendant has previously committed the same crime as that for which he is on trial, the risk is severe that the juror will use the evidence precisely for the purpose that it may not be considered, that is, as suggesting that the defendant is a

bad person, a convicted criminal, and that if he did it before he probably did it again. . . . [*People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998) (internal quotation marks and citation omitted).]

In this case, the other acts evidence consisted of defendant's previous theft of coins from Donnis Morris. Plaintiff conceded that the evidence would be inflammatory before the court. On appeal plaintiff argues that the evidence was offered to prove intent. The record contains no discussion of any intent argument. We cannot speculate as to whether such an argument was made or accepted at the off the record conference. Indeed, plaintiff stated that "the only reason that I would even attempt . . . to go down this road is just to show his knowledge, . . . so that the jury has an aspect that he knew he didn't have permission to come to that home and obviously why." Knowledge is a proper purpose under MRE 404(b)(1). Lack of permission is an element of the crime, and whether defendant had permission to enter the home was a fact of consequence. MCL 750.110a(2). However, the prior acts testimony was unnecessary to establish defendant's knowledge that he was prohibited from entering Donnis's home. When asked whether defendant had permission to enter her home, Donnis clearly testified, "Absolutely not. The last time he was there, he was escorted out by the Wolverine Police." That testimony, alone was troubling. However, plaintiff next asked why defendant was excluded from the home. Plaintiff knew that the answer would refer to theft. Brian Morris was also asked whether defendant knew he was not allowed to come in the home and replied yes. Again, a separate question followed as to why which elicited the response, "Because of the thievery and the lying and, you know, stealing from family members." The reason for defendant's exclusion from the home was not relevant to any material issue in the case. While excluding evidence on why defendant was no longer allowed in the home may have deprived the jury of some context, it would have avoided the risk that the jury would have used the evidence to draw an improper propensity inference.

Assuming that there had been an off the record intent argument, the admission of the evidence on that basis was also erroneous. We agree that intent is a proper purpose for other acts evidence, MRE 404(b)(1), and that defendant's intent was a material issue in this case. Plaintiff argued that defendant intended to commit larceny from his grandmother's home, while defendant maintained that he intended to reestablish contact with his family. However, the testimony that defendant was previously accused and arrested for taking coins from Donnis Morris was again unnecessary to prove defendant's intent. Intent "may be proven directly by inference from the conduct of the accused and surrounding circumstances from which it logically and reasonably follows." *People v Lawton*, 196 Mich App 341, 349; 492 NW2d 810 (1992) (citations omitted). Brian Morris testified that defendant entered the home through the side kitchen door and that he heard defendant directly above him in what was Donnis Morris's bedroom. Donnis Morris testified that a shoebox, which was kept in her bedroom, was removed from her bedroom. Brian Morris testified that the shoebox was found in the kitchen. The jury was able to reasonably infer from that evidence alone that defendant's intent was to steal from Donnis, not reconnect with her. The testimony from Donnis Morris that the last time defendant was in her home he stole a box of coins from under her bed was for no other purpose than to show action in conformity therewith. We find no rational analysis that would lead us to conclude otherwise. There was a danger that the jury would draw an impermissible propensity inference given the similarity between the other acts evidence and the intent element of the charged crime. The testimony created the risk of unfair prejudice "that if he did it before he probably did it again." *Crawford*,

458 Mich at 398. In these circumstances, the probative value of the evidence was marginal and should have been excluded to avoid undue prejudice.

Although we conclude that it was error to admit testimony of why defendant was not permitted in the home, reversal is not warranted here because the evidence was not outcome determinative. *Burns*, 494 Mich at 110. As opined before, plaintiff produced sufficient other evidence from which the jury could conclude beyond a reasonable doubt that defendant entered Donnis's home without permission while someone else was lawfully there and entered with the intent to commit a larceny.

Defendant also argues that plaintiff did not comply with the notice provisions set forth in MRE 404(b)(2). MRE 404(b)(2) mandates that the prosecution provide "reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial and the rational." The notice requirement serves the following purposes:

> (1) to force the prosecutor to identify and seek admission only of prior bad acts evidence that passes the relevancy threshold, (2) to ensure that the defendant has an opportunity to object to and defend against this sort of evidence, and (3) to facilitate a thoughtful ruling by the trial court that either admits or excludes this evidence and is grounded in an adequate record. [*People v Hawkins*, 245 Mich App 439, 454-455; 628 NW2d 105 (2001).]

Plaintiff informed the court the day of trial of its intent to introduce evidence regarding defendant's past crimes. Plaintiff advised the court that it discussed the issue of the testimony coming in with defense counsel because it did not "want him to be blindsided" however, there is no indication in the record as to when that discussion occurred. Nonetheless, it is clear that defendant was afforded an opportunity to object.

Defendant argues that "there was no facilitation of a thoughtful ruling by the trial court," but he does not explain how this is so. He asserts that there was not "a sufficient balancing" done by the court. However, the record suggests that the trial court's ruling was informed and considered. The court heard arguments from counsel and held an off the record conference, after which plaintiff stated on the record, "I'll go speak with them." It is clear from the context that plaintiff was referring to speaking with Brian and Donnis Morris. Defendant does not state with particularity what more the trial court needed to do to effectuate a thoughtful ruling.

In any event, defendant did not suffer outcome determinative prejudice from the lack of notice. First, defendant was aware that testimony regarding his past crimes may be introduced at trial because his counsel first elicited such testimony at the preliminary examination, which was held about two months prior to trial. Therefore, defendant had knowledge of the evidence and should have been prepared to argue against its admission at trial. Defense counsel made general objections to the evidence and asked the court "to caution the witnesses about bringing up past criminal acts." Defendant fails to identify how he would have argued the issue differently had plaintiff been given additional formal notice. Therefore, to the extent the trial court deviated

from MRE 404(b)(2)'s notice requirement, it was not outcome determinative and does not warrant reversal.

Affirmed.

/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens