*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

NOAH EDWARD KUCHAR,

        Defendant-Appellant.

UNPUBLISHED
February 17, 2022

No. 353835
Shiawassee Circuit Court
LC No. 19-004087-FH

Before: CAVANAGH, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial conviction of possession of methamphetamine with intent to deliver, MCL 333.7401(2)(b)(*i*). Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to serve 9 to 30 years in prison. Defendant appeals, arguing that drug-profile testimony presented at trial should not have been admitted because it served as substantive evidence of defendant's guilt, and requires reversal. We affirm.

## I. FACTS

In February 2019, defendant was driving his friend's vehicle, with his friend in the passenger seat. Two police officers stopped the vehicle because the Law Enforcement Information Network (LEIN) indicated that it was uninsured. When defendant failed to present a valid driver's license, the officers arrested him. The officers conducted a search of defendant's person and found a small glass vial containing methamphetamine. The officers also searched the vehicle and found a lockbox in the trunk. The officers opened the lockbox with a key that was on the same keyring as the key in the ignition of the vehicle, and found several small plastic bags, a digital scale, butane lighters, a clear plastic container of methamphetamine, and three bags of methamphetamine. The officers recovered a total of 17 grams of methamphetamine.

## II. ANALYSIS

Defendant argues that the drug-profile testimony presented at trial by way of an expert witness, a narcotics detective with the Owosso Department of Public Safety, was improperly

admitted under this Court's decision in *People v Murray*, 234 Mich App 46; 593 NW2d 690 (1999), which prejudiced him and violated his right to a fair trial. We disagree.

Defendant did not object to the testimony he now challenges on appeal. "Unpreserved claims of evidentiary error are reviewed for plain error affecting the defendant's substantial rights." *People v Benton*, 294 Mich App 191, 202; 817 NW2d 599 (2011). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). The third prong requires that a defendant show "prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. "[O]nce a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." *Id*. at 763-764 (quotation marks, alteration, and citation omitted).

"Drug profile evidence has been described as an informal compilation of characteristics often displayed by those trafficking in drugs." *Murray*, 234 Mich App at 52 (quotation marks and citations omitted). A drug profile is an investigative technique in which law enforcement officers list characteristics that, in the officer's opinion, are typical of a person engaged in a specific illegal activity. *Id*. Because drug-profile evidence "may suggest that innocuous events indicate criminal activity," it is "inherently prejudicial" and is not admissible as substantive evidence of a defendant's guilt. *Id*. at 53. Drug-profile evidence is therefore only admissible for limited purposes. *Id*. at 56.

This Court in *Murray*, 234 Mich App at 56-57, listed four factors that courts should apply when determining whether drug-profile evidence is admissible. In *People v Williams*, 240 Mich App 316; 614 NW2d 647 (2000), this Court described those four factors as follows:

> First, the drug-profile evidence must be offered as background or modus operandi evidence, and not as substantive evidence of guilt, and the distinction must be carefully maintained by the attorneys and the court. Second, something more than drug profile evidence must be admitted to prove a defendant's guilt; multiple pieces of profile do not add up to guilt without something more. Third, the trial court must make clear to the jury what is and is not an appropriate use of the drug-profile evidence by, e.g., instructing the jury that drug-profile evidence is properly used only as background or modus operandi evidence and should not be used as substantive evidence of guilt. Fourth, the expert witness should not be permitted to express an opinion that, on the basis of the profile, defendant is guilty, and should not expressly compare the defendant's characteristics to the profile in a way that implies that the defendant is guilty. [*Williams*, 240 Mich App at 320-321.]

On appeal, defendant challenges four statements made by the detective and argues that in each of these statements, the detective impermissibly discussed specific evidence at issue in this case and drew conclusions about defendant's guilt based on this evidence. We conclude that three of the four statements made by the detective during his drug-profile testimony were permissible background or modus operandi evidence. Although we agree that one statement made by the

detective was used as impermissible substantive evidence of defendant's guilt, this error was harmless.

First, defendant argues that when the detective testified that small plastic bags, similar to the ones found in the lockbox at issue on appeal, were created to package drugs, he impermissibly compared the facts at issue in defendant's case to a drug profile. We disagree. This testimony was properly admitted as background or modus operandi evidence to assist the jury in understanding how small plastic bags were used by drug dealers, and did not reference specific facts of this case or make impermissible inferences regarding defendant's guilt.

Second, defendant argues that the detective impermissibly referenced evidence in this case to impermissibly compare the evidence to a drug profile when he testified that if a person who possesses methamphetamine has no cash, this would show that the person used cash to purchase a large amount of methamphetamine. We disagree. This testimony was properly admitted as modus operandi evidence to assist the jury. The detective indicated that certain characteristics in defendant's case, specifically the lack of cash in defendant's possession, would typically indicate that cash was used to purchase a large amount of methamphetamine. Therefore, this testimony was used to generally explain the significance of a lack of cash in an effort to assist the jury.

Third, defendant argues that when the detective stated that in this case, it looked like "there was a vehicle available that was used to go and pick up this quantity of methamphetamine," the detective impermissibly compared the evidence at issue with a drug profile and drew a conclusion from this regarding defendant's guilt. We agree. The detective did not indicate that defendant's use of his friend's car was consistent with drug dealers' modus operandi generally. Instead, the detective suggested that because drug dealers frequently borrow cars to transport illegal substances, defendant in this case borrowed a vehicle to pick up the methamphetamine in the lockbox in the trunk of the car. Therefore, the detective impermissibly told the jury that defendant drove the vehicle in question to pick up the methamphetamine in the lockbox, implying he was guilty of possession with intent to deliver.

Nevertheless, this error does not require reversal in light of the substantial additional evidence to support defendant's conviction. For example, defendant admitted that he was a drug addict and that he possessed the vial of methamphetamine found in his pocket. In addition, defendant was pulled over when he was driving the vehicle in question and had control of the keys in the ignition, which included the key to the lockbox containing methamphetamine and other drug paraphernalia. Finally, defendant admitted to the officers in the patrol vehicle that the recovered substances in the trunk were methamphetamine. Therefore, the admission of this impermissible testimony did not affect the outcome of the trial court proceedings and does not require reversal.

Finally, defendant argues that when the detective stated, "I would say it's pretty clear that this quantity was, the intentions were to distribute it to other individuals," the detective referred to specific evidence at issue in this case and drew a conclusion about defendant's guilt based on that evidence. We disagree. This testimony was properly admitted as modus operandi evidence to assist the jury in understanding how a specific quantity of methamphetamine may imply an intent to deliver. Here, the detective's statement explained the significance of the 17 grams of methamphetamine found in the lockbox, and explained how this quantity of methamphetamine may indicate that its owner intended to deliver it. The detective did not express an opinion

regarding *defendant's* intentions or compare characteristics of the evidence here to the drug-profile evidence in a way that implied defendant's guilt. See *Murray*, 234 Mich App at 57.

Additionally, the prosecution did not rely solely on the detective's drug-profile testimony. See *id*. As described above, numerous pieces of evidence were introduced "to establish the link between innocuous evidence and guilt." *Id*. Further, the trial court also properly instructed the jury regarding the limited use of drug-profile testimony. See *id*. The trial court instructed the jury to only consider the detective's testimony "for the purpose of providing the knowledge regarding unlawful drug use and distribution," and not to consider it "to determine whether Defendant committed the crime charged in this case." We conclude that these instructions were sufficient to "instruct the jury with regard to the proper and limited use of profile testimony." *Id*.

Affirmed.


/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Michael J. Riordan