# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 27, 2018

Plaintiff-Appellee,

v

No. 338958
Genesee Circuit Court
LC No. 16-039059-FC

MICHAEL VON KRENITSKY,

Defendant-Appellant.

Before: JANSEN, P.J., and K.F. KELLY and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of three counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(a) (sexual penetration of a person under 13 by a defendant over 17), and two counts of second-degree criminal sexual conduct (CSC II), MCL 750.520c(1)(a) (sexual contact with a person under 13 by a defendant over 17). Defendant was sentenced to concurrent sentences of 300 to 600 months' imprisonment on one of the CSC I convictions, 225 to 600 months' imprisonment on each of the two remaining CSC I convictions, and 96 to 180 months' imprisonment on the two CSC II convictions. We affirm.

## I. RELEVANT FACTS

Defendant, who was over the age of 17 at the times relevant to this case, was convicted of sexually assaulting three sisters who are the daughters of his cousin. The abuse occurred between 2000 and 2012, when the girls were under the age of thirteen. During that time, defendant would periodically visit his cousin's family, often spending time with the girls without their parents. The oldest sister testified that defendant touched her inappropriately on three separate occasions: (1) when she was between six and eight years old, defendant went in and out of her bedroom three times in one night, each time inserting his fingers into her vagina for approximately two to five minutes while she pretended to be asleep, (2) while on a drive to Walmart defendant placed his hand on her leg while he drove, and (3) while at her family's vacation home when she was 12, defendant rubbed her back underneath her shirt, reached around under her shirt, and grabbed her left breast over her bra. The middle sister testified that during a family gathering when she was eight or nine years old, she sat on defendant's lap at his invitation, and he rubbed her back, then put his hand under her underwear and about halfway down her buttocks before she got up because she was uncomfortable. The youngest sister testified that defendant sexually assaulted her (1) when she was eight or nine years old, in a

parking lot, defendant pulled her pants down part way, rubbed her vagina, and inserted his fingers into her vagina, (2) on her ninth birthday, defendant rubbed her nipple, (3) while in a sauna at her family's cabin, defendant licked her vagina and put his tongue inside it, (4) while watching a movie at her home, defendant pulled her pants down partially and used a camera to take a picture of her vagina, and (5) when she was 10 or 11 years old, defendant again rubbed her vagina.

A few years later, the youngest sister confronted defendant about the abuse in a Snapchat conversation. She thereafter confided the information to the middle sister, who shared her experience regarding defendant. The sisters thereafter told their mother and the oldest sister, and the family contacted the police.

While executing a search warrant at defendant's home, police seized two photography books that contained images of nude children in various poses, some of which were sexually suggestive and some of which revealed the genitalia of the children. The trial court initially denied the prosecution's motion to introduce the books as evidence, but after defendant testified on direct examination that he did not think it was right to take nude photographs of a child's private areas, the trial court permitted the prosecution to introduce the books to refute defendant's testimony. At the conclusion of the evidence, the jury convicted defendant of three counts of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct.

## II. ADMISSION OF OTHER ACTS EVIDENCE

On appeal, defendant contends that the trial court abused its discretion in admitting the photography books found in his home into evidence. We disagree.

This Court reviews a trial court's decision to admit evidence for an abuse of discretion. *People v Denson*, 500 Mich 385, 396; 902 NW2d 306 (2017). An abuse of discretion occurs when the trial court chooses an outcome that falls outside the range of reasonable and principled outcomes. *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013). Whether a rule or a statute precludes admission of evidence, however, is a preliminary question of law that this Court reviews de novo. *Denson*, 500 Mich at 396. We presume that a trial court's non-constitutional error in the admission of evidence is not a ground for reversal unless it affirmatively appears that, more probably than not, it was outcome determinative, meaning that it undermined the reliability of the verdict. *Id*. In addition, a trial court's decision regarding a close evidentiary question ordinarily is not an abuse of the trial court's discretion. *People v Sabin (After Remand)*, 463 Mich 43, 67; 614 NW2d 888 (2000).

Relevant evidence generally is admissible unless its probative value is outweighed by the danger of unfair prejudice. MRE 402; MRE 403; *People v Railer*, 288 Mich App 213, 219; 792 NW2d 776 (2010). MRE 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Unfair prejudice refers to the tendency of evidence to adversely affect the position of a party by inserting considerations that are extraneous to the merits of the case. *People v Cameron*, 291 Mich App 599, 611; 806 NW2d 371 (2011). "Evidence is unfairly prejudicial when there exists a danger that marginally

probative evidence will be given undue or preemptive weight by the jury." *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998).

In addition, MRE 404(b) precludes the admission of evidence of a defendant's other crimes, wrongs, or acts for the purpose of showing the defendant's propensity to commit a crime. *Denson*, 500 Mich at 397. MRE 404(b)(1) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

Generally, MRE 404(b) is a "rule of inclusion that contains a nonexclusive list of 'noncharacter' grounds on which evidence may be admitted. This rule permits the admission of evidence on any ground that does not risk impermissible inference of character to conduct." *People v Starr*, 457 Mich 490, 496; 577 NW2d 673 (1998). To determine whether "other acts" evidence is properly admissible under MRE 404(b), our Supreme Court has articulated a four-part test:

> First, the prosecutor must offer the "prior bad acts" evidence under something other than a character or propensity theory. Second, the evidence must be relevant under MRE 402, as enforced through MRE 104(b). Third, the probative value of the evidence must not be substantially outweighed by unfair prejudice under MRE 403. Finally, the trial court, upon request, may provide a limiting instruction under MRE 105. [*People v Knox*, 469 Mich 502, 509; 674 NW2d 366 (2004), citing *People v VanderVliet*, 444 Mich 52, 74-75; 508 NW2d 114 (1993). (internal quotation marks and citation omitted).]

On appeal, defendant contends that the trial court erred in admitting the photography books into evidence because the prosecution failed to identify a proper, non-character purpose for the admission of the evidence under MRE 404(b). The photography books, however, were admissible under MRE 404(a)(1), which provides, in relevant part:

> (a) Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>
> (1) Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same. . . .

When a defendant places his character in issue, it is proper for the prosecution to introduce evidence "that the defendant's character is not as impeccable as is claimed." *People v Vasher*, 449 Mich 494, 503; 537 NW2d 168 (1995). In this case, the prosecution initially sought to introduce the photography books under MRE 404(b), arguing before the trial court that the

books were relevant to show defendant's motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, and absence of mistake or accident.[1] The trial court denied the prosecution's motion to admit the books as evidence, finding their probative value outweighed by the potential for unfair prejudice.

But thereafter, defendant opened the door to introduction of the books into evidence by his direct testimony regarding his character. During trial, one of the victims testified that defendant had taken a photograph of her vagina. On direct examination, defendant testified as follows:

> Defense Counsel: Uh, have you ever taken a photograph of [the victim's] bare vagina?
>
> Defendant: No, I have not.
>
> Defense Counsel: Uh, have you ever taken any inappropriate photograph of [the victim]?
>
> Defendant: No.
>
> Defense Counsel: Or any part of [the victim's] body?
>
> Defendant: No inappropriate parts of her body, no.
>
> Defense Counsel: How about with the other children?
>
> Defendant: No.
>
> Defense Counsel: Why not?
>
> Defendant: Well, it's not something I would wanna do and I don't think it's right to take pictures like that of children - -
>
> Defense Counsel: Okay.
>
> Defendant: In their private areas directly.
>
> * * *
>
> Defense Counsel: Why is [the victim's] testimony not true?

---

[1] The prosecution also argued that the books were admissible under MCL 768.27a because they constituted child sexual abusive activity.

Defendant:        Like I said, I wouldn't take a picture like that and also as a photographer, I know that trying to take a picture like that [under a blanket] would be ridiculous.

After this testimony by defendant on direct examination, the prosecution renewed its motion to introduce the photography books, this time not pursuant to MRE 404(b) but instead to refute defendant's testimony that he did not approve of photographing a child's "private areas." The trial court then permitted the admission of the books, finding that the probative value of the books now outweighed any prejudicial effect.

The testimony by defendant on direct examination amounted to an assertion that his character would not allow him to act in the manner described by the victim; defendant was permitted to introduce such character evidence under MRE 404(a)(1). See *People v Lukity*, 460 Mich 484, 498; 596 NW2d 607 (1999). That testimony, however, "opened the door" to "cross-examination into relevant specific instances of conduct" that would rebut defendant's claimed character trait, *id*., and therefore defendant's possession of photography books containing explicit nude photographs of children became relevant to refute his assertion that he would not take such a photograph because he did not think it was right.

The admission of character evidence under MRE 404(a)(1) is subject to the balancing test of MRE 403, which provides, in relevant part:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

MRE 403 "does not prohibit prejudicial evidence; only evidence that is unfairly so." *Crawford*, 458 Mich at 398. "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *Id*. In this case, the trial court did not abuse its discretion in determining that the probative value of the books was not substantially outweighed by the danger of unfair prejudice. Although the trial court initially excluded the books, finding that the prejudicial nature of the books substantially outweighed their probative value, that assessment changed when defendant testified that he did not think it was "right" to take direct pictures of young children's private areas. In so testifying, defendant made his possession of the photography books very probative of a fact at issue, being whether his character was as impeccable as he had asserted. Accordingly, the probative value of the evidence then outweighed its potential to be prejudicial. We therefore conclude that the trial court did not abuse its discretion in admitting the photography books into evidence.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also contends that because defense counsel's performance at trial led to the admission of the books, defense counsel's performance was deficient. Defendant argues that the admission of the books was obviously not part of defense counsel's strategy given his opposition to the admission of the books before and during trial. We disagree that defense counsel's performance was deficient.

"Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016). Generally, a trial court's findings of fact, if any, are reviewed for clear error, and questions of law are reviewed de novo. *Id.* at 188. "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). However, because defendant failed to move for a new trial or a hearing pursuant to *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973) in the trial court, our review is limited to errors apparent from the record. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

Effective assistance of counsel is presumed, and criminal defendants have a heavy burden of proving otherwise. *People v Schrauben*, 314 Mich App 181, 190; 886 NW2d 173 (2016). When claiming ineffective assistance of counsel, it is a defendant's burden to prove "(1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial would have been different." *Solloway*, 316 Mich App at 188, citing *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). A defendant must show that "but for counsel's deficient performance, a different result would have been reasonably probable." *Armstrong*, 490 Mich at 290, citing *Strickland*, 466 US at 694–696. "[D]efendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel[.]" *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

In this case, defense counsel did not open the door to the admission of the books; rather defendant himself opened that door with his testimony. During defendant's testimony, defense counsel asked defendant if he had taken a photograph of one of the victim's as that victim had testified. Defendant denied having done so. Defense counsel then asked "why not?" apparently attempting to elicit an explanation by defendant that, as a photographer, defendant knew that a photograph taken in the manner described by the victim was unlikely to produce a successful photograph. This is indicated by the fact that defense counsel a few minutes later led defendant back to the question to elicit that answer from him. Later, when defense counsel opposed the admission of the books, defense counsel explained to the trial court that the purpose of the line of questioning had been to elicit the explanation from defendant that a photograph could not be successfully taken in the manner described by the victim. Defendant, however, responded to the question "why not" with the testimony that he did not think it was "right" to take photographs "like that of children" in "their private areas directly." Defense counsel had a legitimate strategic reason for asking defendant the question, but defendant volunteered additional information that defense counsel had not intended to elicit.

Decisions regarding the questioning of witnesses are matters of trial strategy, *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012), and the fact that a chosen strategy does not work does not constitute ineffective assistance of counsel. *People v Williams*, 240 Mich App 316, 332; 614 NW2d 647 (2000). We conclude that defendant has not overcome the presumption that defense counsel's questioning constituted a sound trial strategy, and therefore has not demonstrated that counsel's performance was deficient. Accordingly, defendant's claim of ineffective assistance of counsel must fail.

-6-

Affirmed.

/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello