*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DILLAN EDWARD JOHN SAARI,

Defendant-Appellant.

UNPUBLISHED
July 09, 2025
9:26 AM

No. 368872
Gogebic Circuit Court
LC No. 23-000045-FH

Before: MARIANI, P.J., and MALDONADO and YOUNG, JJ.

PER CURIAM.

Defendant appeals by right his jury trial convictions of three counts of assaulting, resisting, and obstructing a police officer, MCL 750.81d(1), one count of operating a motor vehicle without security, MCL 500.3102, one count of operating a motor vehicle without a license, MCL 257.301, and one count of refusing to fingerprint, MCL 28.243A. The trial court sentenced defendant to serve four months in jail and two years' probation. We affirm.

## I. BACKGROUND FACTS

On February 17, 2023, City of Ironwood Patrol Officer Colin Clausen was performing a routine patrol of the city when he observed a stranded red Toyota truck with a missing rear left tire in the middle of the right lane, impeding traffic. Officer Clausen testified that as he pulled up, he saw defendant's two legs extending out from beneath the truck. Officer Clausen's interaction with defendant was captured by his body camera footage, which the jury saw at trial.

Defendant represented to Officer Clausen that he was on his way to a body shop when the lug nuts of the left rear tire loosened, causing the tire to detach. Officer Clausen noticed that the truck did not have a license plate and asked defendant for his driver's license. Defendant first responded that he did not have his wallet with him. Then, defendant asked if Officer Clausen had "anything better to do than harass people?" Officer Clausen replied, "I understand that you lost your tire and that's kind of a not so great situation . . . but here's the deal: you're still driving on a public roadway. And you don't have your wallet on you [and] you don't . . . . got [sic] a plate" Defendant, who had climbed into the driver's seat as the truck idled, suggested that Officer Clausen "just write a ticket and f-ck off." Defendant stated that someone would come soon with a jack and

-1-

then defendant would be able to fix his truck and leave. Defendant further stated, "It's no big deal."

Officer Clausen replied that the situation was "a problem" because defendant's truck was blocking part of the roadway and could not move because the truck did not have a tire. When Officer Clausen tried to check the truck's windshield for a vehicle identification number, defendant told him that the truck was "not stolen." As defendant continually refused to identify himself, City of Ironwood Patrol Officer Roberts and Gogebic County Sheriff's Department Sergeant Brandon Lyons also arrived at the scene. Officer Clausen asked defendant to step out of the truck. When defendant refused, Officer Clausen stated, "It's not a request; it's an order." Defendant responded, "Just because you have a badge doesn't mean you're above everybody." Defendant was asked again to identify himself, and defendant again refused. As the officers continued to explain to defendant that "you can't operate a vehicle in Michigan without a plate on it," and that to do so is "a violation of the Motor Vehicle Code", defendant continued to ignore their commands: "Dude, I was just taking it down the block, and the fuckin' lug nuts were loose. It was a stupid mistake and you guys are going to be an asshole about it."

Officer Roberts testified at trial that defendant's attitude "was pretty abrasive" and that defendant was immediately unhappy and uncooperative, used obscenities, and refused to exit the vehicle when asked. Officer Roberts added that the officers tried to reason with defendant and determine if there was anything that could be done to avoid an altercation. However, Officer Roberts testified that defendant stated, "Get me a jack and 'f' off; get a better job," and then defendant stated that he would punch Officer Roberts in the "fucking mouth."

Sergeant Lyons testified that as soon as he arrived on the scene, he tried "to make light of the situation" and even got defendant to smile and calm down a little bit. However, Sergeant Lyons was concerned that defendant "had both of his hands in the front of his hoodie," which creates a dangerous situation because he might have a weapon in the pocket. After defendant had been told that he was under arrest and as soon as defendant took his hands out of his hoodie pocket, Sergeant Lyons reached into the truck to try to "coax" defendant out, but defendant "pulled back violently." To prevent defendant from putting his hands back in his hoodie pocket, Sergeant Lyons grabbed defendant and started to pull him out of the truck. Defendant resisted with "active aggression," pulling back and fighting with the officers, who "struggled" but eventually brought defendant to the ground and placed him in handcuffs. Sergeant Lyons testified that, during the entire process, the officers repeatedly told defendant to stop resisting.

Michael Surprenant, Jr., defendant's brother-in-law, testified for the defense, stating that he drove the truck, not defendant, because defendant did not have a driver's license. Surprenant explained that because the truck tire fell off, he went to defendant's father's house to get tools so that they could get the tire back on, which is why he was not at the scene when the officers arrived.

Defendant was convicted and sentenced as previously specified. This appeal followed.

## II. JURY INSTRUCTIONS

Defendant argues on appeal that the jury instructions were constitutionally inadequate because the instructions failed to include the law regarding the officer's authority to arrest him and

the prosecutor's burden to prove that the arrest was legal, both of which related to defendant's theory that he was arrested unlawfully because he did not drive the truck. Relatedly, defendant argues that his trial counsel was ineffective for failing to object to these instructions or otherwise request adequate instructions regarding his theory of the case. We disagree.

To preserve instructional issues for appeal, a defendant "must object to the instruction before the jury deliberates." *People v Gonzalez*, 256 Mich App 212, 225, 663 NW2d 499 (2003). When a party expresses satisfaction with the jury instructions as given, the issue is waived, and there is no error to review. *People v Kowalski*, 489 Mic. 488, 503-504, 803 NW2d 200 (2011). Similarly, if the trial court asks whether a party has any objections to the jury instructions and the party responds negatively, the party affirmatively approves of the trial court's instructions, precluding appellate review. *People v Miller*, 326 Mich App 719, 726, 929 NW2d 821 (2019). In this case, defense counsel declined to object to the jury instructions when given the opportunity to do so. Thus, we address the lack of particular jury instructions only through an ineffective assistance of counsel analysis. See *id*.

Generally, whether a defendant had the effective assistance of counsel is a mixed question of fact and law. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Defendant acknowledges that he did not move for a new trial or an evidentiary hearing regarding his claim of ineffective assistance of counsel. Accordingly, there are no factual findings to which we must defer, and we will determine whether the defendant received ineffective assistance on the record alone. See *People v Gioglio (On Remand)*, 296 Mich App 12, 20; 815 NW2d 589 (2012). To make that determination, we review de novo whether a particular act or omission fell below an objective standard of reasonableness under prevailing professional norms and prejudiced the defendant. See *id*. at 19-20.

To prevail on a claim of ineffective assistance of counsel, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that [the] outcome would have been different." *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023) (quotation marks and citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (quotation marks and citation omitted). Defense counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v Washington*, 466 US 668, 690; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012). Defense counsel's decision regarding what jury instructions to request is a matter of trial strategy, and this Court will not second guess such decisions with the benefit of hindsight. *People v Gonzalez*, 468 Mich 636, 644-645; 664 NW2d 159 (2003). Nor is defense counsel ineffective merely because a trial strategy does not succeed. *People v. Williams*, 240 Mich App 316, 332; 614 NW2d 647 (2000), overruling in part on other grounds recognized by *People v Hines*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 363151); slip op at 15. Likewise, we will not find defense counsel to be ineffective when an objection would have been meritless or futile. *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018).

In this case, defendant argues on appeal that his trial counsel was ineffective for failing to request that the trial court read Michigan Criminal Jury Instruction 13.5. As relevant to this case, Michigan Criminal Jury Instruction 13.5 instructs that a warrantless arrest is lawful when a felony,

misdemeanor, or ordinance violation is committed in the officer's presence, or when the "officer has reasonable cause to believe a misdemeanor punishable by imprisonment for more than 92 days . . . has been committed and reasonable cause to believe the person committed it." MCL 764.15(1)(a), (d). According to defendant, "[t]he jury may have acquitted defendant of the resisting arrest charges had the jury been instructed what constituted a legal arrest without a warrant and that the lawfulness of the arrest was an essential element of that offense."

This position fails for two reasons. First, the trial court instructed the jury on the elements of resisting arrest, which include a requirement that the arrest be lawful. Thus, contrary to defendant's assertion, the jury was instructed that the lawfulness of the arrest was an essential element of resisting arrest.

Second, at trial, defense counsel requested a jury instruction regarding self-defense, arguing that defendant's actions in resisting the arrest were lawful. The trial court denied the request on the basis that defendant did not have a "rational or reasonable expectation" that he was going to suffer immediate death or great bodily harm "by simply exiting the vehicle at the request of the officers." Importantly, the trial court also added that defendant was not entitled to an instruction regarding self-defense because he had committed criminal acts. Namely, he had "resisted the officer" and "broken the law with respect to the vehicle." Accordingly, it is evident that defense counsel requested a jury instruction related to the theory of unlawful arrest and that the trial court denied the request. We will not second guess defense counsel's strategy to incorporate the unlawful arrest argument through the lens of a self-defense instruction merely because that strategy was unsuccessful. See *Williams*, 240 Mich App at 332.

Furthermore, as will be discussed, contrary to defendant's position that "the only evidence at trial was that [defendant] was a passenger and was not driving," the jury saw the body camera footage of Officer Clausen's interaction with defendant, which provided ample circumstantial evidence that defendant was operating the truck without a driver's license and subsequently resisted a lawful arrest. Accordingly, defendant has not established that, but for counsel's failure to request a specific instruction about the lawfulness of the arrest, there is a reasonable probability that the jury verdict would have been different. See *Yeager*, 511 Mich at 488. Therefore, defendant has not established that his trial counsel's assistance was ineffective.

III. SUFFICIENCY OF THE EVIDENCE

A. WHETHER DEFENDANT WAS A DRIVER

Defendant argues that the prosecution failed to present sufficient evidence to identify him as the driver of the truck and convict him of operating a vehicle without security and a valid license. We disagree.

We review de novo a challenge to the sufficiency of the evidence. *People v Byczek*, 337 Mich App 173, 182; 976 NW2d 7 (2021). In doing so, we view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime had been demonstrated beyond a reasonable doubt. *Id.* "Circumstantial evidence and reasonable inferences drawn from it may be sufficient to establish the elements of a crime." *People v Fennell*, 260 Mich App 261, 270; 677 NW2d 66 (2004). We draw all reasonable

inferences in support of the verdict. *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018). Moreover, we resolve all conflicts in the evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). "The prosecution need not negate every theory consistent with innocence, but is obligated to prove its own theory beyond a reasonable doubt, in the face of whatever contradictory evidence the defendant may provide." *People v Chapo*, 283 Mich App 360, 363-364; 770 NW2d 68 (2009). "A jury is free to believe or disbelieve, in whole or in part, any of the evidence presented." *People v Russell*, 297 Mich App 707, 721; 825 NW2d 623 (2012) (quotation marks, citation, and brackets omitted). We also adhere to the principle that we must not interfere with the jury's job to assess the credibility of witnesses. *People v Odom*, 276 Mich App 407, 419; 740 NW2d 557 (2007).

In this case, to convict the defendant of operating a vehicle without security, MCL 500.310, and operating a vehicle without a valid license, MCL 247.301, the prosecution necessarily needed to establish that defendant operated the truck. Defendant correctly points out on appeal that no direct evidence established that he drove the truck and that Surprenant's testimony could have supported that defendant was a passenger. However, Officer Clausen's body camera footage established that when he arrived, the truck was idling in the travel lane and defendant was the only person nearby. The footage also showed that there were several items piled on the passenger-side of the bench seat and that when defendant entered the truck, he sat in the driver's seat. Defendant repeatedly told the officers that he was taking the truck around the block, without mentioning his brother-in-law. For example, defendant stated: "I was just taking it down the block and the fuckin' lug nuts were loose," and "I was literally just going around the block." This evidence supports the jury's determination that defendant drove the truck.

We acknowledge Surprenant's testimony at trial that defendant was not the driver, but in light of the guilty verdict, the jury must not have found Surprenant to be credible, and we decline to interfere with that assessment. See *Odom*, 276 Mich App at 419. Moreover, we resolve all conflicts in the evidence in favor of the prosecution. See *Kanaan*, 278 Mich App at 619. Therefore, we hold that there was sufficient evidence for a rational juror to find that defendant was the driver beyond a reasonable doubt. See *Byczek*, 337 Mich App at 182.

## B. WHETHER DEFENDANT RESISTED OR OBSTRUCTED

Defendant also argues that the prosecution did not present sufficient evidence to support his conviction of resisting or obstructing a police officer because there is insufficient evidence that the officers' actions were lawful. We disagree.

The jury convicted defendant of three counts of resisting or obstructing a police officer pursuant to MCL 750.81d(1), which states, in relevant part:

> [A]n individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties is guilty of a felony punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both.

As set forth in MCL 750.81d(7)(b)(*i*), a "person" includes "[a] police officer of this state or of a political subdivision of this state . . . ." Therefore, to sustain a conviction of resisting or obstructing a police officer under MCL 750.81d(1), the prosecutor must prove that "(1) the

defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." *People v Corr*, 287 Mich App 499, 503; 788 NW2d 860 (2010). In the context of resisting arrest, the prosecution must also establish a third element, particularly that the arrest was lawful. *People v Murawski*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 365852); slip op at 4.

A police officer may not arrest a person without probable cause to believe that person committed a crime. *Id*. A police officer has probable cause to arrest "when the facts and circumstances" known to them and of which they have "reasonably trustworthy information are sufficient in themselves to justify the belief that an offense either has been or is being committed." *Id*. (quotation marks and citations omitted). Probable cause is a "practical, nontechnical conception judged from the totality of the circumstances before the arresting officer[]." *People v Maggit*, 319 Mich App 675, 682; 903 NW2d 868 (2017) (quotation marks and citation omitted).

In this case, when viewed in a light most favorable to the prosecutor, the evidence established that the officers' commands and defendant's arrest were lawful. See *Byczek*, 337 Mich App at 182. As discussed, the record supports that defendant was driving the truck when the tire fell off. Additionally, defendant admitted that he did not have a driver's license on him. This gave Officer Clausen reasonably trustworthy information to justify his belief that defendant had violated the law by failing to possess his license while operating his truck on the road. See *Murawski*, ___ Mich App at ___; slip op at 4; MCL 257.311. Moreover, when defendant was unable to comply with the law requiring the production of his driver's license upon request, he violated the law in Officer Clausen's presence, which authorized a lawful arrest. See MCL 764.15(1)(a).

Additionally, the body camera footage undisputedly corroborates the officers' testimonies that defendant not only resisted their commands to get out of the truck, but that defendant threatened to hit one of the officers. Therefore, the prosecution presented sufficient evidence that defendant resisted lawful police actions and commands. See *Corr*, 287 Mich App at 503.

Affirmed.

/s/ Philip P. Mariani
/s/ Allie Greenleaf Maldonado
/s/ Adrienne N. Young